UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROGER A. FRIEDRICHSEN,

    Plaintiff,

  v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. C17-5995-BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

  Plaintiff Roger A. Friedrichsen appeals the ALJ's decision finding him not disabled. The parties agrees the ALJ's decision should be reversed, but disagree on whether the Court should remand for further proceedings or for a finding of disability. Dkt. 13, 18. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

  Plaintiff is currently 56 years old; has a high school diploma and some college education, plus additional training in operating heavy equipment; and has worked as an appraiser's assistant, automotive mechanic, and HVAC installer. Tr. 72-73, 215, 237-41. In August 2014, he protectively applied for benefits, alleging disability as of December 1, 2012. Tr. 105, 190-96. His application was denied initially and on reconsideration. Tr. 128-34, 136-40. The ALJ

conducted a hearing on June 24, 2016 (Tr. 63-104), and subsequently found plaintiff not disabled. Tr. 34-44. As the Appeals Council denied plaintiff request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff did not engage in substantial gainful activity between his alleged onset date and his date last insured ("DLI"), June 30, 2013.

**Step two:** Plaintiff's obesity, bilateral hand osteoarthritis, rheumatoid arthritis, and cervical degenerative disc disease were severe impairments through the DLI.

**Step three:** Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):** Through the DLI, plaintiff could perform light work with additional limitations: he could only frequently push/pull with his upper extremities. He could frequently climb ramps and stairs and only occasionally climb ladders, ropes, or scaffolds. He could frequently balance, stoop, and crouch, but could only occasionally crawl. He could only occasionally perform overhead reaching bilaterally. He could frequently handle and finger with his right upper extremity. He could not be exposed to vibrations or hazards such as moving mechanical parts or unprotected heights.

**Step four:** Through the DLI, plaintiff could perform his past work as an appraiser assistant.

**Step five:** Alternatively, plaintiff can perform other jobs that exist in significant numbers in the national economy.

Tr. 34-44.

## DISCUSSION

The parties agree the ALJ's decision contains reversible error, but disagree as to the appropriate remedy. Dkt. 13, 18. The Court may remand for an award of benefits where "the

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 2

record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded for further proceedings. *McCartey*, 298 F.3d at 1076. Accordingly, only where "there are no outstanding issues that must be resolved before a determination of disability can be made," do we have discretion to credit a claimant's testimony as true and remand for benefits, and only then where "it is clear from the record that the ALJ would be required to find [the claimant] disabled" were such evidence credited. *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014).

The record does not unequivocally support a finding of disability. Plaintiff urges the Court to credit evidence the parties agree was erroneously discounted, but "[a]district court cannot proceed directly to credit a claimant's testimony as true and then look to the record to determine any issues are outstanding, as 'this reverses the required order of analysis.'" *Leon v. Berryhill*, 880 F.3d 1041, 1046 (quoting *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015)). Plaintiff suggests "[w]hen either Dr. Maroney's opinion or Plaintiff's testimony is properly credited, Plaintiff is disabled and the record of Plaintiff's medical treatment and testimony leave no doubt." Dkt. 19 at 9. But plaintiff has not shown the ALJ's reasoning with respect to Dr. Maroney's opinions requires no further development. Dr. Maroney's opinions post-date plaintiff's DLI, and the ALJ suggested (perhaps without sufficient specificity) those opinions are not entirely consistent with the pre-DLI medical evidence. Tr. 41. This is exactly the type of outstanding issue that the ALJ should resolve with specificity, i.e. is the opinion undercut by other relevant medical evidence of record or not.

The ALJ's assessment of plaintiff's testimony also requires further development, i.e., plaintiff's use of assistive devices without a prescription; plaintiff's declination of cortisone injections his doctor offered for his knee osteoarthritis in favor of pursuing a knee replacement surgery, despite his doctor's recommendation against surgery; and whether the medical records from the adjudicated period do or do not corroborate the severe limitations described by plaintiff.

In short, because there are outstanding issues that require resolution, the Court cannot say the record is free from conflicts, ambiguities or gaps. The Court concludes that further proceedings would serve a useful purpose and that it is accordingly appropriate to remand the matter for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and the case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall (1) reevaluate the medical evidence, (2) reevaluate plaintiff 's (3) determine whether plaintiff meets Listing 14.09(A)(2), and (4) obtain additional vocational expert testimony and ensure that the testimony complies with Social Security Ruling 00-4p.

DATED this 5th day of July, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 5